at the time of passing upon the question of ordering the writ to issue, was not interested in the contest. Afterward he could have nothing to do with it as master. His duty had been performed, and the court is referred to no authority which would prevent him from afterward appearing as counsel in the case, nor does the court think any can be found. Decree affirmed. Opinion by CONGER, J. Judge below, C. B. SMITH. Attorneys, for appellant, Mr. J. S. WOLFE; for appellee, T. J. SMITH. Opinion filed Feb. 25, 1886.

No. 72. Strawn et al. v. Taylor. This was a bill in chancery to foreclose a mortgage executed by Preston A. Berry and wife to Taylor, to which bill plaintiff in error, James G. Strawn, was made a defendant, the bill reciting that he claimed some interest in the mortgaged premises, as purchaser, mortgagor, judgment creditor or otherwise, but such interest was subject to said mortgage. All of said defendants were duly served with process and made default, and a decree was entered upon the 24th of June, 1884, for $1,136.25, amount of principal and interest due on the notes, and also for $50 attorney's fee as a part of the costs. The objections to the decree are all frivolous, and not one of them even points in the direction of a meritorious defense. The decree is therefore affirmed. Opinion by CONGER, J. Judge below, C. EPLER. Attorneys, for plaintiffs in error, Mr. OSCAR A. DeLEUW; for defendant in error, Messrs. BROWN & KIRBY. Opinion filed Feb. 25, 1886.

No. 68. North British & Mercantile Ins. Co. v. Steiger. This was a suit upon an insurance policy. The case having been once before this court, a reference to the opinion there filed as found in 13 Bradwell, page 482, will give the facts necessary to an understanding of the case. In the view the court takes, it will be unnecessary to notice but one of the large number of questions raised and elaborately discussed by counsel, and that arises upon the following clause in the policy sued upon: "If the assured shall have or shall hereafter make any other contract of insurance, whether valid or not, on the property insured, or any part thereof, without the consent of the company written hereon, * * * then and in every such case this policy shall become void." The policy was dated October 6, 1881, and permitted other concurrent